IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WILLIAM KENNETH CAPPS,            )
                                  )
       Petitioner,                )    CIVIL ACTION NO.: CV512-078
                                  )
v.                                )
                                  )
UNITED STATES OF AMERICA,         )    (Case No.: CR507-16)
                                  )
       Respondent.                )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

William Capps ("Capps") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The United States of America filed a Motion to Dismiss. For the reasons which follow, the United States' Motion should be **GRANTED**.[1]

## STATEMENT OF THE CASE

Capps was convicted of being a felon in possession of a firearm and an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On July 2, 2008, the Honorable William T. Moore, Jr., sentenced Capps to life imprisonment, and judgment was entered on July 7, 2008. Capps appealed, and the Eleventh Circuit Court of Appeals affirmed Capps' convictions and sentence on November 4, 2009. United

---

[1] Capps filed a Motion for Extension of Time to File a § 2255 Motion in his criminal case. For the reasons stated in the Government's Response to that Motion, Capps' Motion should be **DISMISSED** as moot. (CR507-16, Doc. Nos. 77, 79).

States v. Capps, 351 F. App'x 421 (11th Cir. 2009). The Eleventh Circuit's decision was issued as a mandate on December 3, 2009. (CR507-16, Doc. No. 76).

In his Motion, Capps contends that his conviction was obtained unconstitutionally because the Government did not disclose allegedly exculpatory evidence to him. Capps also contends that his conviction violates double jeopardy principles, as the District Attorney in Ware County, Georgia, disposed of this charge by issuance of a *nolle prosequi* notice. Capps asserts that he was re-indicted in state court on this charge, however, and tried on the same charge. Capps alleges that there was no forensic evidence to support his conviction, nor was he the owner of the firearm he was charged with possessing.[2]

The United States contends that Capps' Motion is untimely and should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Section 2255 of Title 28 of the United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Motions made pursuant to this section are subject to a statute of limitations period. This limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

---

[2] It appears that Capps is attempting to contest his conviction obtained in state court. If Capps wishes to contest this conviction, he may do so by filing a petition in federal court pursuant to 28 U.S.C. § 2254 after he exhausts his state remedies.

2

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Capps does not assert that he was prevented from making a motion earlier or that his motion is based on a new, retroactively applicable Supreme Court decision or newly discovered facts. 28 U.S.C. §§ 2255(f)(2)-(4). Thus, the applicable limitations period began when his conviction became final. 28 U.S.C. § 2255(f)(1). Capps was sentenced on July 2, 2008, and judgment was entered on July 7, 2008. (CR507-16, Doc. Nos. 39, 40). Capps filed an appeal, and the Eleventh Circuit issued its opinion on November 4, 2009. (CR507-16, Doc. No. 76). Capps had 90 days to file a petition for writ of certiorari with the United States Supreme Court, or until February 2, 2010. SUP. CT. R. 13.3 (the time to file a petition for writ of certiorari runs from the date of the entry of judgment or order sought to be reviewed, not the issuance date of the mandate). Capps failed to file a petition with the Supreme Court, and thus, his conviction became final on February 2, 2010. Accordingly, Capps had until on or before February 2, 2011, to file a timely section 2255 motion. Capps executed his § 2255 motion on July 27,

AO 72A
(Rev. 8/82)

2012, and mailed it on July 30, 2012; it was filed in this Court on August 13, 2012.[3] (Doc. No. 1, p. 18). Capps did not timely file his motion under § 2255(f)(1), as his motion was filed nearly 18 months after the applicable statute of limitations period expired.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the United States of America's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Capps' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[3] There is a handwritten notation on the envelope Capps used to send his section 2255 that the motion was sent on July 30, 2012. (Doc. No. 1, p. 19). For purposes of this Report, the undersigned will use July 30, 2012, as the operative date. Rule 3(c), Rules following 28 U.S.C. § 2255.